IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**VINCENT APODACA,**

        Petitioner,

  v.

**J. SALAZAR**, Warden, FCI Sheridan,

        Respondent.

No. 3:19-cv-00934-SU

OPINION AND ORDER

**MOSMAN, J.,**

    This case comes before me on Respondent's Motion to Supplement Facts and Legal Argument and Motion to Dismiss for Mootness [ECF 18]. On June 13, 2019, Petitioner Vincent Apodaca began this action by filing a Petition for Writ of Habeas Corpus [ECF 1]. On November 13, 2019, Magistrate Judge Patricia Sullivan submitted her Findings and Recommendation ("F&R") [ECF 16] to this court, recommending that I grant Mr. Apodaca's petition. On November 20, 2019, Respondent filed the present motion to alert the court that Respondent has purportedly delivered the relief sought by Mr. Apodaca in his petition and to argue that this case is now moot as a result. Def.'s Mot. [18] at 2-3. Because I agree that this case is now moot, I GRANT Respondent's motion and dismiss this case without prejudice.

## BACKGROUND

    Mr. Apodaca is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), currently incarcerated at FCI Sheridan. F&R [16] at 2. In his Petition, Mr. Apodaca challenges disciplinary sanctions he received while incarcerated at FCI Phoenix that resulted in the loss of 41 days of good-time credits, the forfeiture of 27 additional days of non-vested good-time

credits, the revocation of visitation privileges for two years, and the restriction of visitation to immediate family only for an additional year. *Id.* at 7; Pet. [1] at 1.

In the present motion, Respondent represents that "[o]n November 15, 2019, [BOP] expunged Apodaca's incident report for the Code 113 discipline, expunging the disciplinary action and all sanctions, and restoring credit for good conduct." Def.'s Mot. [18] at 2. As a result, "Apodaca's record now shows he has received no discipline while incarcerated," and his projected release date has been returned to what it was prior to receiving the contested sanctions. *Id.* Attached to Respondent's motion are BOP records that confirm these changes. *Id.* Ex. 1-3 [ECF 18-1, 18-2, 18-3].

## DISCUSSION

"In general a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citations omitted). The concept of mootness is closely related to standing: "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (citation omitted). Questions of mootness thus implicate a court's subject matter jurisdiction. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1984).

Here, the harm for which Mr. Apodaca petitions this court for relief has been undone. Thus, there is no longer a "live" controversy in this case. In his Petition, Mr. Apodaca asks this court to "grant habeas relief and order the BOP at FCI Sheridan to expunge and dismiss the incident report . . . ." [1] at 18. As described above, the BOP has already taken these steps and it has reversed all of the sanctions that Mr. Apodaca challenged in his Petition.

In his response to Respondent's motion, Mr. Apodaca argues that despite the steps taken by the BOP, his Petition is not moot. Pet'r's Resp. [ECF 21] at 2-4. Principally, Mr. Apodaca argues that he is still suffering "collateral consequences" from the contested disciplinary action because those actions resulted in him being transferred from FCI Phoenix to FCI Sheridan, where he remains in custody.[1] *Id.* at 2. He argues that the expungement of the contested disciplinary action should have resulted in him being reclassified from a medium security classification to a low security classification; instead, he remains in FCI Sheridan, a "medium facility that is prone to more violence than a low facility." *Id.* at 3. He also notes that his family was able to visit him at FCI Phoenix but is unable to do so at FCI Sheridan. *Id.* Finally, Mr. Apodaca alleges that he "has been subjected to slanderous remarks from staff since he has been at Sheridan and after winning in this Court," which he argues constitute additional collateral consequences. *Id.*

Mr. Apodaca's arguments are unavailing. His Petition did not seek transfer back to FCI Phoenix as a remedy, nor would such a request likely be cognizable in a habeas petition under § 2241. *See Ramirez v. Gonzales*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). The same is true for his allegations concerning slanderous remarks from staff. With respect to Mr. Apodaca's assertion that he should be reclassified as a "low" security inmate, Respondent has demonstrated that Mr. Apodaca was never classified as a "low" security inmate; before the contested disciplinary action, Mr.

---

[1] In his response, Mr. Apodaca also requests "declaratory and other equitable relief from this Court." Resp. [21] at 2. But he did not request any additional relief, other than what has already been described, in his Petition.

3 – OPINION AND ORDER

Apodaca maintained a "medium" security classification, which is the classification he holds at present. Otto Decl. [ECF 23] ¶¶ 6, 7.

## CONCLUSION

For the foregoing reasons, I GRANT Respondent's Motion to Dismiss [18]. This case is DISMISSED without prejudice. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 6 day of March, 2020.

_____
MICHAEL W. MOSMAN
United States District Judge